## Case No. 15,638.

UNITED STATES v. LUKINS.

[1 Chit. Cr. Law, 770, note.]

Circuit Court, D. Pennsylvania. 1841.

CRIMINAL LAW—PARDON.

[Defendant was sentenced "to six months imprisonment. to pay a fine of $150, and the costs of prosecution." The president granted a pardon reciting that defendant was sentenced "to pay a pecuniary fine to the United States and to stand committed until the fine and costs be fully satisfied." The pardon then stated that the president "remits the fine aforesaid, hereby ruling and requiring" that defendant, "on payment of the costs of prosecution, be forthwith discharged from imprisonment." At the foot of the record of conviction which had been transmitted to the president was written by him, "Let the fine be remitted on payment of costs." *Held,* that the pardon extended only to a remission of the fine, and the president had no power to order the prisoner discharged from the rest of the sentence.]

The defendant [Nathan Lukins] was convicted and sentenced "to six months imprisonment, to pay a fine of one hundred and fifty dollars, and the costs of prosecution." A motion was made to discharge him, the president of the United States having granted a pardon, reciting "that Nathan Lukins was confined in the gaol of Philadelphia under sentence of the circuit court of the United States, whereby he was bound to pay a pecuniary fine to the United States, and to stand committed until the fine and costs should be fully satisfied." The pardon proceeds to state that the president "remits the fine aforesaid; hereby ruling and requiring that Nathan Lukins, on payment of the costs of prosecution, be forthwith discharged from imprisonment." At the foot of the record of conviction, which had been transmitted to the executive, was written by the president, "Let the fine be remitted on payment of costs."

## Case No. 15,639.

UNITED STATES v. LUKINS

[3 Wash. C. C. 335.] [1]

Circuit Court, D. Pennsylvania. April Term, 1818.

RESISTING MARSHAL—PROCESS—VIOLENCE.

1. Indictment for resisting the marshal of the United States, in the execution of a warrant issued by the judge of the district court of the United States.

[Cited in U. S. v. Hudson, Case No. 15,412.]
[Cited in brief in Schuylkill Co. v. Reifsnyder, 46 Pa. St. 448.]

2. The twenty-second section of the act of congress, passed on the 30th day of April 1790 [1 Stat. 117], for the punishment of certain crimes, includes every species of process, legal and judicial, whether issued by the court in session, or by a judge or magistrate, acting in that capacity out of court. in the execution of the laws of the United States.

[Cited in U. S. v. Buck, Case No. 14,680; U. S. v. Martin, 17 Fed. 153; U. S. v. Terry, 41 Fed. 775.]

3. On a count in the indictment, for resisting the officer of the United States, it is not necessary that the person resisting should use or threaten violence.

[Cited in U. S. v. Huff, 13 Fed. 640. Cited in brief in Ela v. Smith, 5 Gray. 134. Distinguished in State v. Welch, 37 Wis. 201.]

The defendant [Nathan Lukins] was indicted for resisting and opposing the execution of process, issued against him by the judge of the district court of the United States, for the Pennsylvania district; and for an assault on the deputy of the marshal, when endeavouring to execute the process. The indictment was founded on the twenty-second section of the act of congress, passed April 30, 1790, entitled, "An act for the punishment of certain crimes against the United States." The twenty-second section provides, that "if any person or persons shall knowingly and wilfully obstruct, resist, or oppose any officer of the United States, in serving, or attempting to serve or execute any mesne process or warrant, or any rule or order of the courts of the United States, or any other legal or judicial writ or process whatsoever; or shall assault, beat, or wound any officer or other person duly authorized, in serving or executing any writ. rule, order, process, or warrant aforesaid; every person so knowingly and wilfully offending in the premises, shall, on conviction thereof, be imprisoned, not exceeding twelve months. and fined, not exceeding three hundred dollars."

It appeared in evidence, that some time in November, 1817, John Sisk, one of the deputies of the marshal of the district, having a warrant from the judge of the district court of the United States. for the Pennsylvania district, by which he was commanded to arrest the defendant, and bring him before the judge. went into Montgomery county, where the defendant resided; and on his attempting

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

to execute the warrant, the defendant resisted, in a violent and abusive manner, refused to accompany him, and with a hold-fast, an instrument of iron, used by cabinet-makers (which was the business of the defendant), raised against the officer, obliged him to desist, and to abandon the attempt to take him into custody.

Mr. Kittera, for defendant, contended that the provisions of the act of congress, apply only to resistance of the process of the courts of the United States; and not to a resistance of a warrant issued by a single judge of the courts of the United States. The resistance of the process of a judge, is punishable by the laws of the state of Pennsylvania; and the defendant should have been indicted and tried before a court of the county where the offence was committed.

Mr. Ingersoll, U. S. Dist. Atty., considered the law of the United States as intending to provide against and punish all obstructions, resistance, and opposition to any process, issued under the authority of the United States, by a single judge, as well as by a court. By the act of congress, passed February 28, 1795 [1 Stat. 424]. the marshals of the United States have the same powers to execute process, as is possessed by sheriffs' officers, or their deputies, and the sections of the judiciary law [1 Stat. 73] give to the district judges of the courts of the United States, authority to issue process for arresting, imprisoning, or bailing persons charged with offences against the United States. In 4 Chit. Cr. Law process in the index, refers to process against offenders, in the body of the work, and that process is described as a warrant to arrest a person charged with an offence. Unless the construction contended for by the United States, is correct, the execution of a writ of habeas corpus, issued by a judge of the United States, could be opposed and resisted, and the object of the writ could be defeated with impunity. Process, under the laws of the United States, relative to fugitives from justice, and fugitives from labour, always issued by a single judge; would become useless, and without power; as to oppose the execution thereof, would not be an offence.

WASHINGTON, Circuit Justice (charging jury). It is contended in this case, on the part of the defendant, that if the facts are proved against him, still the case cannot be cognizable before this court, and that it is not a case described in the act of congress. The argument is, that the act of congress applies only to process issued by courts of the United States, and not to that which may have been issued by a judge; and, therefore, that resistance of the process issued by a judge, is not an offence against the statute. If this is the right construction of the law, the counsel for this defendant is entitled to all the merit of having made the discovery;

for such a construction never before was given, or contended for. If such a resistance is not an offence, for which a person can be prosecuted, it is better that all the criminal law be struck out from the statute book; as it is there only to show the debility of the general government. No man can be brought for trial before the court, without process; and if he can resist it with impunity, he cannot be brought at all; and he may resist every law of the United States with safety. The remedy proposed is, that the courts of the state may punish for such resistance. It is not admitted, or denied, that state courts have such powers; but if no protection is given by the general government to their officers, it will require no prophet to show what will be the result of such an abandonment of all the rights of the United States. This is not the construction; and strong language would be necessary to show it to be. The first part of the section, applies to process of courts, and to judicial writs issued by the courts of the United States. Was it ever before denied, that a warrant is process? And it is not denied, that the judge who issued the warrant in this case, had a right to issue it. The last part of the section is used to include all legal process in the hands of an officer of the United States; and the legislature did not mean to confine it in any degree. The expressions are consistent with the policy of the law, and the words are general, to comprehend all descriptions of process whatsoever.

The jury are the judges of the facts, and they will say if the facts are proved. The court will say, as there is a point of law involved, that if the witnesses for the prosecution are believed, a clearer case cannot, in the opinion of the court, be presented, of resistance and opposition to process, legally in the hands of the marshal. The officer proceeded in the formal way, read the warrant, and required that the defendant should come with him to Philadelphia; the defendant refused to come, would not come, and the refusal is accompanied with resistance. The assault charged against the defendant, is a distinct offence; and the provisions of the first part of the law, do not require that an assault shall be committed, in order to complete the offence. It was the duty of the defendant to come with the officer; and if he says he will not come, and does not come, this is a resistance of the officer, within the prohibitions of the law, and no excuse will serve him.

The court say nothing about the second count, which charges an assault on the officer; for if the witnesses for the prosecution are believed, it is of little importance, as the punishment of the offence is the same, whether it has been accompanied with an assault or not.

Verdict, guilty.